IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| EDWARD DIXON,[1] | § | |
| | § | No. 316, 2021 |
| Petitioner Below, | § | |
| Appellant, | § | |
| | § | Court Below–Family Court |
| v. | § | of the State of Delaware |
| | § | |
| YULA LONG SMITH, | § | |
| | § | File No. CN16-02507 |
| Respondent Below, | § | Petition No. 21-02370 |
| Appellee. | § | |

Submitted: March 11, 2022
Decided: June 7, 2022

Before **SEITZ**, Chief Justice; **TRAYNOR** and **MONTGOMERY-REEVES**, Justices.

## ORDER

After careful consideration of the parties' briefs and the record on appeal, it appears to the Court that:

(1)     The appellant, Edward Dixon (the "Father"), filed this appeal from the Family Court's August 12, 2021 Family Court order relinquishing jurisdiction to Canada and dismissing his petition to modify the Family Court's 2018 custody order. After careful consideration of the parties' positions, we affirm the Family Court's decision to relinquish jurisdiction to Canada but vacate the Family Court's order

---

[1] The Court previously assigned pseudonyms to the parties pursuant to Supreme Court Rule 7(d).

dismissing the petition. The matter is remanded to the Family Court for further proceedings in accordance with this Order.

(2) The Father and the appellee, Yula Long Smith (the "Mother"), are the parents of two children—a daughter (born in 2014) and a son (born in 2015). The Father and the Mother married in Canada and migrated to the United States in 2014. The Father, the Mother, and the children are all citizens of Canada. The Father also owns real estate in Canada, and the Mother has family in Canada. Neither the Mother nor the Father is a citizen of the United States. The parties were divorced by final decree in 2016, and the Family Court issued an interim custody order in February 2017. In 2018, after a full hearing on the merits, the Family Court issued a custody order and granted the Mother permission to relocate to Canada with the children. Under the court's 2018 custody order, (i) the parties share joint legal custody of the children, (ii) the children primarily reside with the Mother, and (iii) the Father enjoys extended periods of visitation with the children.

(3) In February 2021, the Father filed a petition to modify the custody order, seeking primary placement of the children. Shortly thereafter, the Father filed a motion for an emergency *ex parte* order to permit the children to remain in his care pending a hearing on the petition to modify. The Father alleged, among other things, that: (i) their son had been attacking his sister physically, as evidenced by injuries observed by the Father and a teacher at the children's school in Canada; (ii) their

2

daughter had been stealing from others at school, as reported by school personnel; (iii) their son's teachers and counselor were concerned about their son's mental and emotional state; and (iv) the children were not receiving adequate medical care while in the Mother's custody. The Mother objected to the motion, noting that the conduct referenced in the motion had occurred over a number of years and that this was the third time the Father had filed for emergency relief since the 2018 custody order was issued. The Family Court denied the Father's motion for emergency relief, finding that the motion did not allege the prospect of immediate irreparable harm and that the motion referenced alleged incidents that took place days, weeks, or months prior to the filing. Observing that the alleged incidents occurred in Canada, that the witnesses and evidence appeared to be located in Canada, and that the children have resided in Canada for well over three years, the court questioned whether Delaware remained the appropriate forum to determine custody under the Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA).

(4) On June 2, 2021, the Family Court held a case-management conference on the petition to modify. The court noted that this was the first of the Father's many petitions in this case where the majority of the evidence appeared to be located in Canada and again questioned whether Delaware was the appropriate forum to consider the petition to modify the custody order. Following the case-management conference, the Mother filed a motion to dismiss and relinquish jurisdiction under

3

Section 1921(a) of the UCCJEA,[2] arguing that the court should relinquish jurisdiction to Canada because the children and the Mother have not resided in Delaware for four years and there was no substantial evidence available in Delaware concerning the children's care, protection, training, or personal relationships. The Father opposed the motion.

(5)     On July 2, 2021, the Family Court issued a letter decision and order, noting that it had continuing jurisdiction over the custody proceedings under the UCCJEA but that it could nevertheless decline jurisdiction under Section 1926 of the UCCJEA if it determines that a court of another state is a more convenient forum after considering the factors set forth in Section 1926.[3]   Accordingly, the Family Court asked the parties to address the eight factors set forth in Section 1926.  The Mother argued that the factors supported the Family Court declining jurisdiction; the Father argued that the factors did not.

---

[2] 13 *Del. C.* § 1921(a) ("Except as otherwise provided in § 1923 of this title, a court of this State which has made a child custody determination consistent with § 1920 or § 1922 of this title has exclusive, continuing jurisdiction over the determination until: (1) A court of this State determines that neither the child, nor the child and one parent, nor the child and a person acting as a parent have a significant connection with this State and that substantial evidence is no longer available in this state concerning the child's care, protection, training, and personal relationships; or (2) A court of this State or a court of another state determines that the child, the child's parents and any person acting as a parent do not presently reside in this State.").

[3] *Id.* at 1926(a) ("A court of this State which has jurisdiction under this chapter to make a child custody determination may decline to exercise its jurisdiction at any time if it determines that it is an inconvenient forum under the circumstances and that a court of another state is a more appropriate forum.  The issue of inconvenient forum may be raised upon motion of a party, the court's own motion, or request of another court.").

(6) On August 12, 2021, the Family Court issued a written decision relinquishing jurisdiction of the petition to modify to British Columbia and dismissing the petition to modify.[4] The Family Court analyzed the Section 1926 factors and found that: (i) factor 7 (the ability of the court to decide the issue expeditiously and the procedures necessary to present the evidence) weighed against granting the motion to dismiss; (ii) factor 3 (the distance between the Family Court and the court in the state that would assume jurisdiction) weighed somewhat against granting the motion to dismiss; and (iii) factor 4 (the relative financial circumstances of the parties) weighed both for and against granting the motion to dismiss. The Family Court concluded that factors 1 (the history of, and future likelihood of, domestic violence), 5 (any agreement between the parties), and 8 (the familiarity of each court with the facts and issues in the pending litigation) were neutral—that is, they did not weigh in favor or against granting the motion to dismiss. Finally, the Family Court found that factors 2 (the length of time the children have resided outside Delaware) and 6 (the nature and location of the evidence required to resolve the pending litigation) favored granting the motion to dismiss. The Family Court gave particular weight to factor 6, given that the nature of the Father's contentions in his motion seeking emergency relief involved evidence that is readily available in

---

[4] *E.I.D. v. Y.L.S.*, 2021 WL 3559421 (Del. Fam. Ct. Aug. 12, 2021).

5

Canada as well as witnesses who are located in Canada. The Father filed a motion to reargue, which the Family Court denied. This appeal followed.

(7) This Court's standard and scope of review of an appeal from the Family Court extends to a review of the facts and law as well as to a review of the inferences and deductions made by the trial judge.[5] If the Family Court has correctly applied the law, our review is for abuse of discretion.[6] This Court will not substitute its own opinion for the inferences and deductions made by the Family Court where those inferences are supported by the record and the product of an orderly and logical deductive process.[7]

(8) The UCCJEA promotes cooperation among the states as well as foreign countries in matters of child custody.[8] Where, as here, the Family Court has made an initial custody determination, it has continuing exclusive continuing jurisdiction over the determination until:

> (1) A court of this State determines that neither the child, nor the child and one parent, nor the child and a person acting as a parent have a significant connection with this State and that substantial evidence is no longer available in this state concerning the child's care, protection, training, and personal relationships; or
>
> (2) A court of this State or a court of another state determines that the child, the child's parents and any

---

[5] *Solis v. Tea*, 468 A.2d 1276, 1279 (Del. 1983).
[6] *Jones v. Lang*, 591 A.2d 185, 186 (Del. 1991).
[7] *Id*. at 187.
[8] *See Letsos v. Warren*, 2006 WL 1640218, at *2 (Del. June 12, 2006).

person acting as a parent do not presently reside in this State.[9]

Even if the Family Court has exclusive, continuing jurisdiction, it may, however, decline to exercise that jurisdiction if "it determines that it is an inconvenient forum under the circumstances and that a court of another state is a more appropriate forum."[10]

(9)    The Father essentially raises two claims on appeal: (i) the Family Court abused its discretion by relinquishing jurisdiction to Canada, and (ii) the Family Court improperly dismissed the petition to modify instead of staying the proceedings so that the petition could be filed in Canada.

(10)    The Father's first argument is unavailing. The Family Court correctly applied the law and thoughtfully considered the relevant statutory factors before concluding Canada was a more convenient forum to entertain the petition to modify. Contrary to the Father's suggestion, the Family Court did not find that it no longer had exclusive, continuing jurisdiction under Section 1921(a). Rather, the Family Court found that *despite* having exclusive, continuing jurisdiction, it was nevertheless an inconvenient forum to consider the Father's petition to modify. The inferences and deductions made by the Family Court in reaching that conclusion are

---

[9] 13 *Del. C.* § 1921(a).
[10] *Id.* at 1926(a).

supported by the record and are the product of an orderly and logical deductive process.

(11) We agree with the Father, however, that the Family Court improperly dismissed the petition to modify without staying it to permit the Father to file his petition in Canada. Section 1926 provides, "If a court of this State determines that it is an inconvenient forum and that a court of another state is a more appropriate forum, it *shall* stay the proceedings upon the condition that a child custody proceeding be promptly commenced in another designated state and may impose any other condition that the court considers just and proper."[11] This language is binding on the Family Court. Accordingly, we vacate the Family Court's order dismissing the petition and remand the matter with directions to the Family Court to enter an order—subject to any reasonable conditions it deems desirable to secure finality in the custody proceedings—staying the proceedings to permit the Father a reasonable period of time to file the petition to modify in Canada.[12]

---

[11] *Id.* at 1926(c) (emphasis added). A "child custody proceeding" is defined under the UCCJEA as "a proceeding in which legal custody, physical custody or visitation with respect to a child is an issue. The term includes a proceeding for divorce, separation, neglect, abuse, dependency, guardianship, paternity, termination of parental rights and protection from domestic violence, in which the issue may appear." *Id.* at 1902(4).

[12] The Father implies that it is the Mother's responsibility to file a petition. The Mother, who does not want the custody order modified to give the Father primary placement of the children, is under no such obligation. And, to the extent that the Father contends that if the Mother registers the Family Court's custody order in Canada, there is no need for him to file a petition in Canada, he is mistaken. "[R]egistration [of the custody order] is a ministerial act for purposes of enforcement of the order of the [Family Court], which retains jurisdiction over the matter." *Letsos*, 2006 WL 1640218, at *2.

NOW, THEREFORE, IT IS HEREBY ORDERED that the order relinquishing jurisdiction to Canada is AFFIRMED and the order dismissing the Father's petition to modify is VACATED. The matter is REMANDED to the Family Court for further action in accordance with this Order. Jurisdiction is not retained.

BY THE COURT:

*/s/ Tamika R. Montgomery-Reeves*
Justice